# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| INTELLIQUICK DELIVERY, INC., an Arizona Corporation, | : :  :  CIVIL ACTION: :  :  Case No. 2:25-cv-00682-PD |
| Plaintiff, | |
| v. | |
| AMERISOURCEBERGEN DRUG CORPORATION, a Delaware Corporation, | |
| Defendant. | |

---

**DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO FILE EXHIBIT 1 TO ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER SEAL**

Pursuant to Fed. R. Civ. P. 5.2(d) and Local Civil Rules 5.1.2(6) and 5.1.5, Defendant AmerisourceBergen Drug Corporation ("Defendant"), by and through its undersigned counsel, respectfully moves the Court, unopposed, for an order granting leave to file under seal Exhibit 1 to its Motion to Dismiss Plaintiff's Amended Complaint. Exhibit 1 is the Carrier Services Agreement between Intelliquick Delivery Inc. and AmerisourceBergen Drug Corporation dated October 2020 (the "Agreement"), and is the basis for Plaintiff's breach of contract claim.

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner*

*Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978). "[A] court, after balancing the need for public access to the record and the parties' desire for confidentiality, has considerable discretion in deciding whether or not to seal records." *Haber v. Evans*, 268 F. Supp. 2d 507, 510 (E.D. Pa. 2003) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). A court must "balance the strong public interest favoring access against legitimate privacy concerns." *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981).

Here, the Agreement contains sensitive and confidential terms such that disclosure of the Agreement could harm Defendant's business interests. As a pharmaceutical distributor, Defendant regularly contracts with various transportation and delivery services providers, and the terms of these various agreements are confidential. Disclosure of the Agreement in this case may harm Defendant's ability to compete in the future. For these reasons, Defendant respectfully requests that the Court grant its motion to seal the Agreement as Exhibit 1 to Defendant's forthcoming Motion to Dismiss. *See West Penn Allegheny Health Sys. v. UPMC*, No. 09-cv-0480, 2011 WL 13133997, at *10 (W.D. Pa. Dec. 29, 2011) (provisionally granting defendant's request to file its "Affiliation Agreement" under seal where the agreement contained "highly sensitive, confidential and proprietary information that, if disclosed, would jeopardize [defendant's] business interests").

Plaintiff does not object to Defendant's request. A proposed order is attached hereto.

Respectfully submitted,

Dated: May 12, 2025

/s/ *Terence Grugan*
Terence Grugan (307211)
grugant@ballardspahr.com
Lauren Engelmyer (332751)
engelmyerl@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant AmerisourceBergen Drug Corporation*

## **CERTIFICATE OF SERVICE**

This certifies that a copy of the above and foregoing Unopposed Motion for Leave to File an Attachment to Defendant's Motion to Dismiss Plaintiff's Amended Complaint Under Seal was sent to all counsel of record via the Court's ECF system on the 12th of May 2025.

                                                        */s/ Terence Grugan*
                                                        Terence Grugan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| INTELLIQUICK DELIVERY, INC., an Arizona Corporation, : | |
| : | CIVIL ACTION: |
| Plaintiff, : | |
| : | Case No. 2:25-cv-00682-PD |
| v. : | |
| : | |
| AMERISOURCEBERGEN DRUG CORPORATION, a Delaware Corporation, : | |
| : | |
| Defendant. | |

---

## [PROPOSED] ORDER GRANTING MOTION TO SEAL

AND NOW, this _____ day of _____, 2025, upon consideration of AmerisourceBergen Drug Corporation's Motion for Leave to File Exhibit 1 to its Motion to Dismiss Plaintiff's Amended Complaint Under Seal, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
Paul S. Diamond, J.